```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ADEL AMER,                                                   :
                                                             :
                              Plaintiff,                     :
                                                             :              ORDER
              -against-                                      :
                                                             :       24 Civ. 4614 (DG) (VMS)
CYBERZOOM DEALS LLC & WALEED                                 :
ALNAJAR,                                                     :
                                                             :
                              Defendant.                     :
                                                             :
                                                             :
------------------------------------------------------------ x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Defendants' motion at ECF No. 18 to file an amended answer is granted.

I.      **RELEVANT PROCEDURAL HISTORY**

Plaintiff alleges that he was an employee of Defendants and that he was not properly paid his wages. See generally ECF No. 1. In Defendants' timely filed answer, Defendants denied the allegations, and alleged, inter alia, that Plaintiff was one of the owners of the Defendant corporation. See ECF No. 6 ¶¶ 2, 12. Defendants also raised numerous affirmative defenses in the answer. See ECF No. 6. On 8/15/2024, the Court held an initial conference to discuss the possibility of mediation. See ECF Order 8/6/2024. During the conference, Defendants' counsel raised the position that the parties had engaged in a pre-suit mediation/arbitration that should be found to have preclusive effect in the case. That day, the Court entered the following Order:

> ORDER. Before the 9/5/2024 status conference listed separately on the docket, parties are to exchange any documents relating [to the] initiation, occurrence, and resolution of the alleged mediation/arbitration that may have a preclusive effect in this action, the underlying arbitration agreement, if it exists, and the composition of the LLC. Discovery is otherwise stayed.

1

ECF Order 8/15/2024.  For various reasons, the follow-up conference was adjourned to 10/1/2024.  See ECF Orders 8/26/2024, 9/5/2024.

The alleged arbitration award and ownership by Plaintiff of the corporate Defendant continued to be a subject of the parties' submissions.  By letter filed on ECF, Defendants offered as evidence of Plaintiff's ownership of the corporate Defendant a letter that Plaintiff had submitted to the United States Probation Office on behalf of an employee of the corporate Defendant.  See ECF No. 12.  During the 10/1/2024 conference, the Court set a discovery schedule and included the following Order:

> The Court notes that the parties have a significant dispute as to whether binding arbitration was conducted and as to whether an arbitral award was issued. The discovery schedule set forth above encompasses these issues.  To the extent that any false representations were made, or will be made, in the record as to the occurrence or non-occurrence of such arbitration, the party that has made, or will make, those false representations may be sanctioned.

ECF Order 10/1/2024.

Plaintiff then filed a motion for a pre-motion conference for a "motion to dismiss" relating to the third affirmative defense, which related to equitable defenses and Plaintiff's alleged status as a manager, and to the eleventh affirmative defense, which related to Plaintiff having previously released his claims.  See ECF No. 13 at 2-3.  Defendants responded by reporting on evidence gathered that Plaintiff had voluntarily participated in a binding community arbitration.  See ECF Nos. 14, 15.  Defendants protested that Plaintiff's claims were "fabricated." ECF No. 15.  Plaintiff then argued that Defendants' pleadings did not raise a defense of arbitration, see ECF No. 16, although the issue of arbitration and mediation had already been brought to Plaintiff's counsel's attention during two separate conferences.  The motion for a pre-

motion conference was referred to the magistrate judge. See ECF Order 10/21/2024. The Court scheduled the pre-motion conference for 11/13/24. See ECF Order 10/22/2024.

On 11/8/2024, Defendants submitted a letter motion requesting leave to file an amended answer that would include the affirmative defense of arbitration and award. See ECF No. 18. The letter described Defendants' counsel's investigatory efforts since the summer to confirm the conduct of the arbitration and the issuance of an arbitral award. See id. On 11/17/2024, Plaintiff objected to the motion to amend. See ECF No. 21. Plaintiff's objection included numerous evidentiary questions, none of which is relevant to whether the affirmative defense of arbitration and award could be sufficiently pleaded in the answer. See id. During the conference on 11/18/2024, Defendants' counsel reiterated the request to file an amended answer and Plaintiff's counsel objected.

## II.   DISCUSSION

As a preliminary matter, Plaintiff's counsel argued during the conference that the magistrate judge did not have the authority to grant the motion to amend, arguing instead that a report and recommendation would be required. Plaintiff's counsel is incorrect as to a motion to amend; such a motion is a non-dispositive motion falling within the authority of the magistrate judge. See Marsh v. Sheriff of Cayuga Cnty., 36 F. App'x 10, 11 (2d Cir. 2002) (finding that the magistrate judge acted within his authority in denying a motion to amend the complaint); Media Glow Digit., LLC v. Panasonic Corp. of N. Am., 16 Civ. 7907 (PGG), 2020 WL 3483632, at *3 (S.D.N.Y. June 26, 2020) (citation omitted) ("A motion to amend is not a dispositive motion."). "Accordingly, a magistrate judge has the authority to issue a decision on a motion to amend without any referral from a district judge." Fossil Grp., Inc. v. Angel Seller LLC, 627 F. Supp. 3d 180, 187 (E.D.N.Y. 2022). Here, not only is the motion to amend seeking non-dispositive

relief, the motion was filed in response to Plaintiff's "motion to dismiss" which was referred to the magistrate judge. The Court thus proceeds to the merits of the motion.

As to the merits, after the Federal Rule of Civil Procedure ("Rule") 15(a)(1) period for amendment as a matter of course ends, the party "must move the court for leave to amend, but the court should grant such leave 'freely . . . when justice so requires' pursuant to Rule 15(a)(2)." Sacerdote v. N.Y. Univ., 9 F.4th 95, 115 (2d Cir. 2021). "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, . . . futility,'" or undue prejudice. Id. (quoting Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015)); see Foman v. Davis, 371 U.S. 178, 182 (1962); TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014); Hossain v. Unilever U.S., Inc., No. 21 Civ. 2833 (FB) (TAM), 2023 WL 4405654, at *3 (E.D.N.Y. July 7, 2023). If the court sets a deadline to file amendments, under Rule 16(b)(4), a defendant would also need to show good cause for the amendment.

Defendants' motion is timely and will not cause undue delay or prejudice. Although the Court held an initial conference, it did not set a date for amending pleadings at said conference. See ECF Order 8/15/2024. Given the ongoing dispute as to the relevance of the alleged arbitration, the Court did not adopt Plaintiff's proposed discovery plan, see ECF No. 9, but instead set intermediate discovery dates to encourage the parties to focus on the arbitration defense. See ECF Orders 8/15/2024, 10/1/2024. As the Court had not set a date for joinder or amendments, Defendants did not need to meet the good-cause standard.

Under Rule 15(a)(2), Defendants raising the arbitration award defense at this stage will not cause any delay or prejudice because Plaintiff's counsel was made aware of Defendants'

position during the 8/15/2024 conference, and again, during the 10/1/2024 conference.  See id. Even under Rule 16(b)(4), Defendants would have satisfied the good-cause standard because Defendants' counsel earnestly conducted discovery to confirm the occurrence of the arbitration and the existence of the arbitral award, held depositions with interpreters and issued discovery requests to Plaintiff.  See ECF Nos. 10, 18.  Plaintiff's counsel has had ample opportunity to discuss the arbitration defense with his client.  Discovery has barely proceeded, other than for Defendants' efforts to develop the record as to the alleged arbitration.

      Plaintiff's letter in opposition to the motion to amend does not state any basis upon which the Court could find that pleading the defense of arbitration and award would be futile for Defendants.  See ECF No. 21.  Instead, Plaintiff's counsel challenges both the factual occurrence of the arbitration and the issuance of the award.  See id. at 3 ("One can reasonably conclude that in light of the absence and denial of these signatures no arbitration occurred in this matter."). These are not grounds upon which to find that the proposed pleading would be futile; they are factual challenges to the defense itself, not to its pleading.  Defendants' letter sets forth the existence of an arbitration agreement, the conduct of the arbitration, and the issuance of a decision.  See ECF No. 18 at 2.  An affirmative defense of arbitration and award can be raised with even less information, as provided for in Rule 8(c)(1).  See Sibley v. Choice Hotels Int'l, Inc., 304 F.R.D. 125, 133 (E.D.N.Y. 2015) (noting the minimal pleading required to assert affirmative defenses).  This defense permits both the assertion of a requirement to arbitrate, if the arbitration has not occurred yet, and the assertion of the benefit of an arbitral award.  (In fact, if the existence of the award is confirmed, Plaintiff may be barred from challenging the award to the extent it is governed by New York law.  See N.Y. C.P.L.R. § 7511 (McKinney 1962).)

### III. CONCLUSION

Defendants' motion to amend the answer is granted. The amended answer adding the affirmative defense of arbitration and award is to be filed on or before 11/22/2024, as agreed to by Defendants' counsel during the 11/18/2024 conference. To the extent that Plaintiff still wishes to proceed with a motion to strike certain affirmative defenses, the parties should follow the briefing schedule set forth in the separate Order.

***

In light of the completely conflicting factual positions that the parties are taking as to whether the arbitration ever occurred, and also as to Plaintiff's alleged ownership or lack of ownership in the corporate Defendant, the parties and their attorneys are reminded of their obligations, including those under Rule 11. Any party that knowingly makes misrepresentations to the Court may be subject to sanctions, including the striking of some or all of that party's pleadings, adverse findings to be applied on motion practice or at trial, and/or an award of monetary penalties, including attorneys' fees. Counsel are expected to inform their clients of these possible consequences. If an attorney believes that Rule 11 sanctions would be appropriate, that attorney must follow the requirements of Rule 11(c).

Dated: Brooklyn, New York
November 18, 2024

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge