```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ADEL AMER,                                                   :
                                                             :
                        Plaintiff,                           :
                                                             :          ORDER
             -against-                                       :
                                                             :      24 Civ. 4614 (DG) (VMS)
CYBERZOOM DEALS LLC and WALEED                               :
ALNAJAR,                                                     :
                                                             :
                        Defendants.                          :
-------------------------------------------------------------x
```

**Vera M. Scanlon, United States Magistrate Judge:**

Before the Court is the motion of Plaintiff's counsel, Abdul Karim Hassan ("Mr. Hassan") for sanctions against Defendants' counsel, Christopher Lynn ("Mr. Lynn"). For the reasons stated below, Mr. Hassan's motion is denied.

**I.       BACKGROUND**

Mr. Hassan seeks sanctions against Mr. Lynn for 1) stating on the record at a conference, allegedly incorrectly, Mr. Hassan borrowed money from one of the Defendants; 2) allegedly incorrectly accusing Mr. Hassan of working as an employee of the United States Postal Service while also prosecuting this action; and 3) making further allegedly incorrect statements in Mr. Lynn's letter to the Court "explaining the basis for his allegations that Plaintiff's counsel is a full time United States Postal Service employee[,]" 12/20/2024 Order, regarding both of these accusations. See ECF No. 33.

Mr. Hassan makes this sanction motion pursuant to Federal Rule of Civil Procedure ("Rule") 11, 28 U.S.C. § 1927 ("Section 1927"), and the Court's "inherent power to impose sanctions" for "bad-faith conduct[.]" Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991); see

1

ECF No. 33 at 1. Under these standards, Mr. Lynn's conduct does not merit an award of sanctions.

## II.  DISCUSSION

### A.  Rule 11

A motion for sanctions under Rule 11 "must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected within 21 days after service" on the party facing sanctions. Fed. R. Civ. P. 11(c)(2). This "safe-harbor provision is a strict procedural requirement[,]" and an "informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period." Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012). "A motion that fails to comply with the safe harbor provision of Rule 11 must be denied." Castro v. Mitchell, 727 F. Supp 2d 302, 306 (S.D.N.Y. 2010). "The court may also initiate sanctions sua sponte by issuing an order 'to show cause why conduct specifically described in the order has not violated Rule 11(b).'" Kyros Law P.C. v. World Wrestling Ent., Inc., 78 F.4th 532, 543 (2d Cir. 2023) (quoting Fed. R. Civ. P. 11(c)(3)).

Mr. Hassan did not file proof of service of the instant motion on Defendants' counsel. Mr. Hassan's motion does not include any mention that he served the instant motion on Defendants' counsel 21 days before its filing. See generally ECF No. 33. Mr. Hassan's motion does not comply with Rule 11(c)(2).

Mr. Hassan's motion also does not comply with Rule 11(c)(3). Because Mr. Hassan has, in this motion, stated that "this Court should issue [an] order to show cause under [Rule] 11(c)(3) [Defendants' counsel] as to why the requested sanctions should not also be imposed on him under Rule 11[,]" id. at 14, such an order would not be made "[o]n the Court's [i]nitiative." Fed.

2

R. Civ. P. 11(c)(3). Mr. Hassan may not circumnavigate Rule 11's safe harbor provision by asking the Court to issue an order to show cause.

Because Mr. Hassan has failed to meet the procedural requirements of Rule 11, his motion for sanctions pursuant to Rule 11 is denied.

### B. Section 1927 And The Court's Inherent Power

An attorney "who so multiplies the proceedings unreasonably and vexatiously may be required by the court" to pay fees and costs "reasonably incurred because of such conduct." 28 U.S.C. § 1927. "A federal court may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Rossbach v. Montefiore Med. Ctr., 81 F.4th 124, 141 (2d Cir 2023) (citation & quotation marks omitted). "Because the standards for imposing [Section] 1927 and inherent authority sanctions are the same, the Court evaluates them together." Jones v. Combs, 759 F. Supp. 3d 534, 540 (S.D.N.Y. 2024).

Although the applicable standard for sanctions motions generally depends on whether an attorney's conduct is "related to the representation of a client" or to counsel's "independent professional responsibility as an attorney[,]" a "sanction of attorneys' fees – whether premised on a lawyer's representational or non-representational conduct – must always be supported by a finding of bad faith." Rossbach, 81 F.4th at 143. Bad faith can be found pursuant to either a court's inherent power or Section 1927 "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose[.]" Revson v. Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000) (quoting Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986)) (emphasis in original). For non-representational conduct, if the moving party does not seek a sanction of attorneys' fees, a court

3

"may impose sanctions if it finds that the attorney negligently or recklessly failed to perform his responsibilities as an officer of the court[.]" Rossbach, 81 F.4th at 143 (citation & quotation marks omitted).  Here, because Mr. Hassan asks that his firm be awarded attorneys' fees because of Mr. Lynn's statements about Mr. Hassan, see ECF No. 33 at 15, the Court examines Mr. Lynn's actions under the bad-faith standard.

Although Mr. Lynn acknowledged that his accusations regarding Mr. Hassan were based on "errors[,]" ECF No. 34, Mr. Lynn's conduct did not amount to bad faith.  Mr. Lynn has represented on the record that the statements regarding Mr. Hassan were based on mistaking Mr. Hassan with different individuals, and that "not one of these errors were intentional." Id. at 1. As to the allegation of loaned money, Mr. Lynn stated in a letter to the Court that one of his "clients sought to retain [him] for a legal matter concerning a loan made by him to [Mr. Hassan], which remains unpaid."[1]  ECF No. 29 at 1.  Mr. Lynn acknowledged in response to the instant motion that he had confused Mr. Hassan with a different individual, as "it seems that there is an attorney from Yemen bearing a similar sounding name and confusion arose." ECF No. 34 at 1. Mr. Lynn also acknowledged that he "in error thought that it was [Mr. Hassan] and not [Plaintiff] who was working for the US Post Office" after a dispute arose over the timing of Plaintiff's deposition.  Id.  Mr. Lynn apologized for these errors.  See generally id.  Mr. Lynn's proffer of an explanation for his confusion, his acknowledgment of his mistakes and his apology on the

---

[1] The Court notes although Mr. Hassan claims that Mr. Lynn accused him of "borrow[ing] and ow[ing] money to Defendants or another person in this case," ECF No. 33 at 2, this is not an accurate portrayal of Mr. Lynn's statements at the conference in question.  At the conference, Mr. Lynn stated that "[P]laintiff's counsel borrowed $5,000 personally from my client[.]"  ECF No. 32 7:2-3.  In the absence evidence from Mr. Hassan that Mr. Lynn had accused Mr. Hassan of borrowing money from one of the Defendants, as opposed to another of Mr. Lynn's clients, the Court will accept Mr. Lynn's representation that a different client had approached Mr. Lynn regarding an unpaid loan.

4

record is sufficient evidence that he was not acting in bad faith.  See Jones, 759 F. Supp. 3d at 540 (noting that the plaintiff's and counsel's "willingness to voluntarily withdraw the offending claims is . . . somewhat persuasive evidence that they were not acting in bad faith").  Plaintiff has not offered any evidence, beyond conclusory allegations of bad faith, that Mr. Lynn had any ulterior motive behind these statements.  The Court declines to award sanctions based on a series of admitted errors.

Mr. Hassan argues that his request for other, "non-monetary sanctions" should be evaluated under the less strict standard for sanctions based on non-representational conduct.  ECF No. 33 at 13.  The Court declines to consider whether Mr. Lynn's misstatements – some of which were made during a dispute over the scheduling of a deposition – amount to representational conduct or non-representational conduct, as the Court does not find that Mr. Lynn "negligently or recklessly failed to perform his responsibilities as an officer of the court[.]" Rossbach, 81 F.4th at 143.  Mr. Lynn complied with the Court's order asking for the basis of his belief that Mr. Hassan worked with the United States Postal Service, see ECF No. 29, and "accept[ed] full blame" when he realized his error.  ECF No. 34.  This suggests that Mr. Lynn has fulfilled his responsibilities to the Court and has not disregarded them.

The Court notes that both Mr. Lynn and Mr. Hassan have made allegations that the other made false statements that have injured the reputations of themselves and of third parties, see ECF Nos. 33 & 34 (alleging that Mr. Hassan falsely "accused [Mr. Lynn's] investigator of intimidating a witness, based upon [] Rule 26 documents which [Mr. Lynn] provided"), although only Plaintiff has brought a sanctions motion.  Counsel are reminded that they are expected to refrain from personal attacks on each other and on third parties in the representation of their clients.

### III.  CONCLUSION

For the reasons stated above, Mr. Hassan's motion for sanctions is denied.

Dated: Brooklyn, New York
       September 18, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge